GREMILLION, J.,
concurring in part and dissenting in part.
14 Plaintiff was injured in a work-related accident. Over the course of time, she claimed, at various times, that the accident caused injuries to her back, legs, neck, arms, and hands.
Two doctors opined that the most significant problem this accident caused her was a minor back strain and/or sprain. Two other doctors, however, testified that the injuries resulting from this accident were much more serious. They reported, again, over time, that she would need a significant amount of treatment and possibly even surgery.
The WCJ found that the testimony suggesting a much more serious injury to be the stronger evidence, and thus gave the plaintiff everything she asked for. The majority goes through an entirely appropriate manifest error review, and affirms the WCJ’s decision. I concur in that part of thé majority’s ruling.
I must dissent, however, because I do believe the defendant reasonably controverted the claims made against it. La.R.S. 23:1201(F)(2). Again, the defense produced evidence from two doctors who said there was nothing to see here. Even more compelling, the defendant produced evidence that the plaintiff | ¿repeatedly denied on more than a dozen occasions her own history of previous neck and back injuries.
In the majority’s view, these repeated falsehoods are to be excused as mere examples of a poor memory, a limited education, or a general lack of understanding. All of that may be so; however, it may also be that the plaintiff lied repeatedly in order to obtain benefits. The majority also *1103 finds that this menagerie of inconsistencies is “inadvertent or inconsequential.” Again, this may be; however, it may also be that over a dozen lies bearing directly on the alleged injuries for which the plaintiff would receive benefits could have some consequence.
Frankly, it strains the bounds of the manifest error review to choose not to punish this plaintiff for her multitude of inaccuracies. Here, however, not only does the majority not punish the plaintiff for these inaccuracies, but indeed, the majority punishes the defendant for the plaintiffs inaccuracies. More specifically, the majority has concluded that a defendant is unreasonable when it seeks to defend itself at trial on the basis of multiple expert witnesses and clear evidence that the plaintiff is not a credible witness. I disagree. The defendant was entirely reasonable. If the evidence presented by the defendant does not reasonably controvert such a claim, then I truly do not know what evidence could. Accordingly, it should not have been assessed penalties and attorney fees.
Finally, again, based on the manifest error standard of review, I concur with the additional attorney’s fees for work done on appeal.